

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:08cr526–HEH
)
RONALD LEON MARSH, SR., )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Ronald Leon Marsh, Sr., a federal inmate proceeding *pro se*, filed this motion

under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 36) to vacate, set aside, or correct

his sentence. In his § 2255 Motion, Marsh demands relief upon the following grounds:

Claim One    The Fair Sentencing Act of 2010 ("FSA") entitles Marsh to a
sentence reduction for his conviction for possession with intent to
distribute cocaine base. (§ 2255 Mot. at 5.)

Claim Two    The "2-point enhancement applied at Petitioner's original sentencing
for possession of a firearm" was improper because the Court
convicted Marsh of possession of firearms in furtherance of drug
trafficking under 18 U.S.C. § 924(c). (*Id*. at 6.)[1]

The Government has responded (Gov't's Resp., ECF No. 40). The matter is ripe

for judgment. For the reasons stated herein, Marsh's § 2255 Motion will be denied.

## I. Procedural History

On December 16, 2008, a grand jury indicted Marsh on: 1) possession with intent

to distribute five grams or more of cocaine base, Count One; 2) possession of firearms in

---

[1] The Court corrects capitalization, spelling, and minor grammatical errors in quotations from
Marsh's § 2255 Motion.

furtherance of drug trafficking, Count Two; and 3) possession of firearms after being convicted of a felony, Count Three. (Indictment 1–2, ECF No. 3.) On April 24, 2009, Marsh pled guilty to Counts One and Two. (Plea Agreement ¶ 1, ECF No. 17.) The Court, on motion of the Government, dismissed Count Three. (Plea Agreement at ¶ 11; Sentencing Min. 1, ECF No. 25.)

In the Presentence Report ("PSR"), a Probation Officer calculated Marsh's base offense level as 24. The Officer applied a two-point increase under United States Sentencing Guidelines ("USSG") § 3B1.1(c) for Marsh's role in the offense as an organizer, leader, manager, or supervisor. (PSR at ¶ 17; Worksheet A, at 1.) Marsh received a three-point reduction for timely acceptance of responsibility under USSG § 3E1.1. (*Id.* at ¶¶ 20–21; Worksheet D, at 1.) Together, the adjusted offense level of 23 and criminal history category of IV yielded a guidelines range of 70–87 months for Count One, and 60 consecutive months for Count Two. (PSR at ¶ 69.) Both offenses carried a five-year (60-month) statutory minimum. (*Id.*) On August 11, 2009, the Court sentenced Marsh to 135 months of imprisonment, consisting of 75 months for Count One and 60 months for Count Two. (J. 2, ECF No. 26.)

On January 27, 2012, Marsh, through counsel, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), based upon Amendment 750 to the United States Sentencing Guidelines. (ECF No. 32, at 2.) Marsh's amended offense level was 17, yielding an amended guideline range of 37–46 months for Count One instead of the statutory mandatory minimum sentence of 60 months. By Order (ECF No. 34) entered on April 4, 2012, the Court granted the motion reducing Marsh's sentence for Count One

to 60 months, totaling 120 months of imprisonment, the minimum permitted by law. On December 31, 2012, the Court received Marsh's § 2255 Motion.

## II. Fair Sentencing Act

Congress enacted the Fair Sentencing Act of 2010 ("FSA"),[2] with an effective date of August 3, 2010. *See Dorsey v. U.S.*, 132 S. Ct. 2321, 2329 (2012). Among other effects, the FSA increased the amount of crack cocaine necessary to trigger the statutory mandatory minimum sentences under 21 U.S.C. § 841(b)(1). *See id.* The *Dorsey* Court held that the FSA applies to defendants convicted for conduct occurring before the enactment of the FSA, but sentenced after the FSA went into effect on August 3, 2010. *Dorsey*, 132 S. Ct. at 2335. "[T]he FSA[, however,] does not apply retroactively to a defendant sentenced before August 3, 2010." *U.S. v. Barrett*, 572 F. App'x 195, 200 (4th Cir.), *cert. denied*, No. 14–5626, 2014 WL 3854416 (Oct. 6, 2014) (citing *U.S. v. Black*, 737 F.3d 280, 287 (4th Cir. 2013)). The Court sentenced Marsh on August 11, 2009. Accordingly, the FSA does not apply to his sentence, and Claim One will be dismissed.

## III. Alleged Firearm Enhancement

In Claim Two, Marsh states that "the 2-point enhancement applied at Petitioner's original sentencing for possession of a firearm" was improper because the Court convicted Marsh of possession of firearms in furtherance of drug trafficking under 18 U.S.C. § 924(c). (§ 2255 Mot. at 6.) In particular, Marsh contends that this claim is based upon "newly discovered evidence," (*id.*), as he "just recognized the error due to a recent guideline calculation worksheet done by counsel of record . . . ," (*id.* at 8), in his

---

[2] Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372.

18 U.S.C. § 3582 Motion.[3]  Marsh is mistaken.  The Court did not apply a two-point

enhancement for possession of a firearm.  To the contrary, the enhancement was

attributed to Marsh's role in the offense as an organizer, leader, manager, or supervisor

under USSG § 3B1.1(c).  (PSR ¶ 17.)  Indeed, the Probation Officer explicitly noted that

the firearm enhancement under USSG § 2K2.4(b) was inapplicable.  (PSR Worksheet A,

at 2.)  Accordingly, Claim Two is premised upon a faulty conclusion and will be

dismissed.

### VIII. Conclusion

The § 2255 Motion (ECF No. 36) will be denied.  The action will be dismissed.  A

certificate of appealability will be denied.[4]

An appropriate Final Order will follow.

/s/
Henry E. Hudson
United States District Judge

Date: **Nov. 17 2014**
Richmond, Virginia

---

[3] Marsh's counsel, in the guideline calculation table portion of "Defendant's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. §3582(c)" (ECF No. 31), misattributed the two-point enhancement Marsh received to "[p]ossession of a [f]irearm." (Def.'s Mot. to Reduce Sentence 3.)

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Marsh has not satisfied this standard.